UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                    :
DELCEO RAFAEL RAMOS,                                 :
                                                    :          03 CR 102 (ARR)
                                Petitioner,          :
    -against-                                        :          <u>NOT FOR ELECTRONIC</u>
                                                    :          <u>OR PRINT</u>
UNITED STATES OF AMERICA,                            :          <u>PUBLICATION</u>
                                                    :
                                Respondent.          :          <u>OPINION AND ORDER</u>
                                                    :
------------------------------------------------------------------- X
ROSS, United States District Judge:

Petitioner Delceo Rafael Ramos ("Mr. Ramos") pled guilty to one count of attempted

conspiracy to import narcotics. On August 26, 2003, the court sentenced him to sixty months

incarceration. On December 23, 2005, Mr. Ramos filed a motion for immediate deportation and

a downward departure. Thereafter, the court issued to the government an order to show cause

why the relief requested by Mr. Ramos should not be granted. On January 11, 2006, the

government filed a brief opposing Mr. Ramos's motion. For the reasons discussed below, the

court dismisses Mr. Ramos's motion.

Relying solely on 8 U.S.C. 1252(h)(2)(A), which is now codified at 8 U.S.C. §

1231(a)(4)(B), Mr. Ramos moves this court to order his immediate deportation on the grounds

that he pled guilty to a non-violent offense, and thus, is eligible under this provision to be

deported.[1] Section 1231 provides, <u>inter alia</u>, that "[t]he Attorney General is authorized to remove

---

[1] On December 13, 2005, Immigration and Customs Enforcement ("ICE") apparently
issued a final administrative removal order with regard to Mr. Ramos. <u>See</u> Addendum to Motion
to Vacate, Set Aside, or Correct Sentence at 2. Insofar as Mr. Ramos is arguing that the Attorney
General is obligated to execute the final deportation order pursuant to 8 U.S.C. § 1231(a)(1)(A),
the court dismisses his claim as meritless. Section 1231(a)(1)(A) provides that "the Attorney

1

an alien ... before the alien has completed a sentence of imprisonment ... if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense ... and (II) the removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B). By its express terms, § 1231 grants the Attorney General discretion to remove an alien under certain conditions. Mr. Ramos asks this Court to compel the Attorney General to exercise his discretion.

The court denies the motion under the Second Circuit's ruling in <u>Thye v. United States</u>, 109 F.3d 127 (2d Cir. 1997). In <u>Thye</u>, the Second Circuit affirmed the district court's denial of the defendant's motion for immediate deportation under § 1252(h)(2)(A), the predecessor to § 1231(a)(4)(B). The court in <u>Thye</u> reviewed the legislative history of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, § 438(a), 110 Stat. 1214, 1275, which amended § 1252, and concluded that AEDPA does not create a private cause of action for criminal defendants to compel their deportation. <u>See</u> <u>id.</u> at 128-30. Thus, under the express terms of § 1231 and the controlling precedent in <u>Thye</u>, Mr. Ramos may not bring a private action to compel or request the Attorney General to exercise his discretion. Accordingly, Mr. Ramos's motion for an immediate order of deportation is denied.

Mr. Ramos also seeks a downward departure based on his alienage, claiming that his

---

General shall remove the alien from the United States within a period of 90 days" from the date that an alien is ordered remove. However, the statute further clarifies that for persons who are "detained or confined," the "removal period" commences on "the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(iii). Given that Mr. Ramos has not been released from prison, the "removal period" has not been commenced and execution of the removal order is within the Attorney General's discretion and, thus, beyond habeas or mandamus, review. <u>See</u> <u>Duamutef v. Immigration and Naturalization Serv.</u>, 386 F.3d 172, 179 (2d Cir. 2004).

status as a deportable alien "subject[s] him to harsher conditions than an otherwise identical citizen." <u>See</u> Notice of Motion for Immediate Deportation and for Downward Departure Based on Alienage at 3. Given that Mr. Ramos is alleging that the court improperly failed to grant a downward departure in his case, the court construes his motion as an attack on his sentence pursuant to 28 U.S.C. § 2255. Mr. Ramos filed this petition more than two years after he was sentenced. As such, he has failed to comply with the one-year statute of limitations under § 2255. The court, therefore, lacks jurisdiction to consider his motion for a downward departure.

For the foregoing reasons, the court dismisses Mr. Ramos's motion for immediate deportation and a downward departure. The clerk of the court is directed to enter judgment accordingly.

SO ORDERED.


Allyne R. Ross
United States District Judge


Dated: January 23, 2006
       Brooklyn, New York

SERVICE LIST:

Delceo Rafael Ramos
Reg. No. 61498-053
Allenwood Low Security Correctional Institution
P.O. Box 1000
White Deer, PA 17887

Lee J. Freedman
United States Attorneys Office, EDNY
One Pierrepont Plaza, 19th Floor
Brooklyn, NY 11201